UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| NICHOLAS ELEZOVIC, ) | Civil Action No. 2:22-cv-110 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NOTICE OF REMOVAL |
| ) | |
| MOTOR COACH INDUSTRIES, INC., ) | **Removed from New Jersey Superior** |
| PETER PAN BUS LINES, INC., WABCO ) | **Court, Law Division, Hudson County** |
| HOLDINGS INC., JOHN DOES 1-10 ) | |
| (fictious names) and ABC COMPANIES ) | DOCKET NO.: HUD-L-4699-21 |
| 1-10 (fictitious names) ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant WABCO USA LLC (improperly named in the caption as WABCO Holdings Inc.) ("WABCO USA"), with the consent of defendants Motor Coach Industries, Inc. ("Motor Coach"), and Peter Pan Bus Lines, Inc. ("Peter Pan"), removes to this Court the above-captioned matter, which is pending in the Superior Court of New Jersey, Law Division, Hudson County, under Docket No. HUD-L-4699-21. Removal is proper based on diversity jurisdiction as follows:

**I.   Background**

1.      On December 6, 2021, Plaintiff Nicholas Elezovic ("Plaintiff" or "Elezovic"), a citizen of Connecticut, filed this action, designated Docket No. HUD-L-004699-21 in the Superior Court of New Jersey, Law Division, Hudson County. A true and correct copy of the Complaint and Information Sheet in the state court action is attached as Exhibit A.

6681189

2. Plaintiff's Complaint alleges that he suffered "sustained serious and permanent personal injuries including but not limited to his hip and back, requiring significant medical treatment and incurring significant medical expenses and lost time from his usual activities and other losses" after the motor coach he was operating allegedly "suddenly and violently" dropped downward on December 15, 2021. Plaintiff alleges that WABCO USA manufactured certain bus parts installed in the subject motor coach. Plaintiff claims that WABCO USA's negligence and product design, manufacturing, and warning defects caused or contributed to the alleged incident.

3. Although improperly served, WABCO USA received copies of the Summons and Complaint on December 9, 2021.

4. Pursuant to 28 U.S.C. § 1446(a), WABCO USA attaches true and correct copies of "all process, pleadings, and orders served" upon WABCO USA and defendants in the state court action as Exhibit B.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice has been filed within thirty (30) days of receipt of service of the Summons and Complaint. Although improperly served, WABCO USA received copies of the Summons and Complaint on December 9, 2021. Accordingly, this Notice is timely.

6. The time for WABCO USA to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

7. Motor Coach and Peter Pan consented to WABCO USA's removal of this action, and their written consents are attached as Exhibit C.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, and served on Plaintiff's counsel. A copy of the Notice of

Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Hudson County is attached as Exhibit D.

9. By filing a Notice of Removal in this matter, WABCO USA does not waive its rights to object to service of process, sufficiency of process, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled, including but not limited to the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

## II.     Diversity of Citizenship

11. Upon information and belief, at the time this action was filed and at all times since, Plaintiff was and is a citizen of Connecticut. *See* introductory paragraph of Plaintiff's Complaint, attached as Exhibit A.

12. At all relevant times, including the time of filing the Complaint and the time of removal, Defendant WABCO USA LLC was and is a limited liability company organized under the laws of Delaware with its principal place of business in Michigan. WABCO USA has two members: WABCO Automotive Control Systems, Inc. and WABCO Vehicle Control Systems LLC. WABCO Automotive Control Systems, Inc., the sole Member of WABCO Vehicle Control Systems LLC, is a Delaware corporation with its principal place of business in Michigan. WABCO Vehicle Control Systems LLC was organized under the laws of Delaware and has its principal place of business in Michigan. Therefore, WABCO USA LLC is a citizen of Delaware and

6681189

Michigan.[1] *See* 28 U.S.C. § 1332(c)(1); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (holding that an LLC has the citizenship of each of its members).

13. At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Motor Coach Industries, Inc., was and is a Delaware corporation with its principal place of business in Illinois. Therefore, Motor Coach is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (internal citation omitted) ("A corporation's citizenship derives, for diversity purposes, from its State of incorporation and principal place of business. It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

14. At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Peter Pan Bus Lines, Inc., is a Massachusetts corporation with its principal place of business in Massachusetts. Therefore, Peter Pan is a citizen of Massachusetts. *See* 28 U.S.C. § 1332(c)(1); *Wachovia Bank*, 546 U.S. at 318.

15. The citizenship of defendants sued under fictitious names is disregarded for purposes of demonstrating complete diversity of the parties for removal. 28 U.S.C. § 1441(b).

16. Because Plaintiff is diverse from each Defendant, complete diversity exists in this action.

### III. Amount in Controversy Requirement

17. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. On the face of the Complaint, the $75,000 amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a). As the Supreme Court clarified, a notice of

---

[1] WABCO Holdings, Inc., was improperly named in the caption; WABCO USA LLC is the proper defendant to Plaintiff's claims. However, to the extent WABCO Holdings Inc.'s citizenship is necessary for the Court's analysis of its jurisdiction, at all relevant times, WABCO Holdings, Inc., was and is a Delaware corporation with its principal place of business in Michigan.

6681189

removal to federal court under 28 U.S.C. § 1446(a) need only include a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18. Here, Plaintiff alleges that he sustained "sustained serious and permanent personal injuries including but not limited to his hip and back, requiring significant medical treatment and incurring significant medical expenses and lost time from his usual activities and other losses." *E.g.*, Compl. at 5 ¶ 14 . This Court has readily found that the amount in controversy requirement is satisfied when a plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions. *See Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Montilus v. Munoz*, No. 09-4143 (SRC), 2009 WL 3246609, at *1, *2 (D.N.J. Oct. 6, 2009); *Kolokowski v. Crown Equip. Corp.*, No. 05-4257, 2005 WL 3320777, at *1, *3 (D.N.J. Dec. 6, 2005). Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

**IV.** **Conclusion**

19. Because (1) complete diversity exists, and (2) the amount in controversy exceeds $75,000, WABCO USA satisfied the requirements for removal pursuant to 28 U.S.C. § 1332.

Defendants request that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Superior Court of New Jersey, Law Division, Hudson County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served.

Respectfully submitted,

/s/ *Diane Fleming Averell*
One of the Attorneys for WABCO USA LLC (improperly named in the caption as WABCO Holdings, Inc.)

Diane Fleming Averell (DA 3899)
dfaverell@pbnlaw.com
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
(973) 538-4006
(973) 538-5146 (fax)

Lana A. Olson (PHV to be applied for)
lolson@lightfootlaw.com
Amaobi J. Enyinnia (PHV to be applied for)
aenyinnia@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel of record by electronic and regular mail at the following address:

Katherine G. Houghton
Nicholas T. Delaney
LAW OFFICE OF KATHERINE G. HOUGHTON
87 S Farview Ave, Ste 2
Paramus, NJ 07652-2656
manager@khoughtonlaw.com
*Attorneys for Plaintiff*

6681189

Wesley R. Payne
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, Pennsylvania 19103-7395
*Attorney for Defendant Motor Coach Industries, Inc.*

Richard E. Barber
HAWORTH BARBER & GERSTMAN, LLC
45 Broadway, 21st Fl.
New York, NY 10006
*Attorney for Defendant Peter Pan Bus Lines, Inc.*

/s/ *Diane Fleming Averell*
Diane Fleming Averell (DA 3899)
PORZIO, BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997
Tel.: (973) 538-4006
Fax: (973) 538-5146
dfaverell@pbnlaw.com

*Attorney for Defendant WABCO USA LLC*

Dated: January 10, 2022

6681189