**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS ELEZOVIC,<br><br>                 *Plaintiff,*<br><br>            v.<br><br>MOTOR COACH INDUSTRIES, INC., PETER PAN BUS LINES, INC., WABCO HOLDINGS INC., JOHN DOES Nos. 1-10 (*fictitious names*) *and* ABC COMPANIES Nos. 1-10 (*fictitious names*)<br><br>                 *Defendants.* | Civil Action No. 2.22-110<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

      This matter stems from injuries that Plaintiff Nicholas Elezovic sustained while driving a bus for his employer, Defendant Peter Pan Bus Lines, Inc. ("Peter Pan"). Currently pending before the Court is Defendant Motor Coach Industries, Inc.'s ("MCI") partial motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). D.E. 11. MCI also seeks to strike Count Three of the Complaint pursuant to Federal Rule of Civil Procedure 12(f). *Id.* Plaintiff filed a brief in opposition, D.E. 12, to which MCI replied, D.E. 14. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Federal Rule

---

[1] For purposes of this Opinion, the Court refers to MCI's brief in support of its motion, D.E. 11, as "MCI Br."; Plaintiff's brief in opposition, D.E. 12, as "Plf. Opp."; and Defendant's reply, D.E. 14, as "MCI Reply."

of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, Defendant's motion is **GRANTED**.

    I.    **BACKGROUND**

Plaintiff was a bus driver for Peter Pan.[2] Compl., First Count ¶ 1. On December 15, 2019, Plaintiff was driving a bus in Secaucus, New Jersey, when the bus "suddenly and violently dropped forward," causing Plaintiff serious and permanent hip and back injuries. *Id.* ¶¶ 1, 14. MCI manufacturers, sells, and installs bus parts, including parts on the bus Plaintiff was operating when he was injured. *Id.* ¶¶ 4, 6. Plaintiff alleges that prior to the accident, MCI provided technical and mechanical support to Peter Pan, and knew about mechanical problems with the bus for more than a year and a half. *Id.*, Second Count ¶ 3. The allegedly problematic parts include the kneeler, a pressure sensor, and/or the electronically controlled air suspension ("ECAS") system. *Id.* ¶ 2. The Court addresses additional factual allegations below.

Plaintiff initially filed suit in the Superior Court of New Jersey, asserting claims against MCI, Peter Pan, and WABCO Holdings Inc., another manufacturer of bus parts and diagnostic tools. Compl., Seventh Count ¶ 3. Plaintiff asserts three counts against MCI: (1) a strict liability claim (Count One); (2) a negligence claim (Count Two); and (3) an express and/or implied warranty claim (Count Three). *Id.* at 2-9. Defendants subsequently removed the matter to this Court, D.E. 1, and MCI then filed the instant motion to dismiss and/or strike the claims asserted against it, D.E. 11. Accordingly, in this Opinion, the Court only addresses the claims Plaintiff asserts against MCI.

---

[2] The factual background is taken from Plaintiff's Complaint. D.E. 1-1. When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]"  To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint is plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted).  A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.   ANALYSIS

#### 1. New Jersey Product Liability Act

MCI first argues that Plaintiff's negligence and breach of implied warranty claims must be dismissed because they are subsumed by the New Jersey Product Liability Act ("PLA"). MCI Br. at 2-3. Plaintiff counters that his claims are not subsumed because in the Second Count, Plaintiff asserts a claim for breach of negligent services and in the Third Count, asserts a claim for breach of express warranties. Plaintiff continues that these claims are separate and discrete from his product liability claim  Plf. Opp. at 4-5.

The PLA controls any "product liability action," which is defined as "*any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim*, except actions for harm caused by breach of an express warranty." N.J. Stat. Ann. § 2A:58C-1b(3) (emphases added). The definition of "harm" under the PLA includes "personal physical illness, injury or death." N.J. Stat .Ann. § 2A:58C-1b(2). Thus, through the enactment of the PLA, common law claims of negligence, strict liability, or breach of an implied warranty that pertain to injury from a product are no longer viable as separate claims. These claims are subsumed by the PLA. *Ford Motor Credit Co. v. Mendola*, 48 A.3d 366, 374 (N.J. Super. Ct. App. Div. 2012); *see also Bailey v. Wyeth, Inc.*, 37 A.3d 549, 580 (N.J. Super. Ct. Law Div. 2008), *aff'd* 28 A.3d 1245 (N.J. Super. Ct. App. Div. 2011) ("PLA provides the exclusive remedy for harm caused by a product."). Accordingly, "[n]egligence claims against manufacturers of defective products are no longer recognized by New Jersey courts as independent claims in product liability actions." *Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 528 (D.N.J. 1999). A plaintiff may, however, bring a separate claim if the underlying theory is not that of a PLA claim. *Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411, 418 (D.N.J. 2016); *see also James v. Bessemer Processing Co.*,

714 A.2d 898, 907 (N.J. 1998) (explaining that "[i]n cases to which the 1987 Product Liability Act does not apply, plaintiffs may resort to common law causes of action.").

To determine whether a cause of action is subsumed by the PLA, a court "must evaluate the essential nature of the claims presented and decide whether, at their core, Plaintiffs' claims would traditionally be considered as products liability claims." *Indian Brand Farms v. Novartis Crop Prot., Inc.*, 890 F. Supp. 2d 534, 544 (D.N.J. 2012). Thus, if a plaintiff is "disguising what would traditionally be considered a product liability claim as an alternative course of action," the claim is subsumed by the PLA. *New Hope Pipe Liners, LLC v. Composites One, LLC*, No. 09-3222, 2009 WL 4282644, at *2 (D.N.J. Nov. 30, 2009); *see also Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d 305, 313 (3d Cir. 1999).

In 1995, the New Jersey Legislature expanded liability under the PLA to a "product seller." *Thomas*, 70 F. Supp. 2d 521. The definition of product seller includes "any person who . . . *installs*; . . . *repairs; maintains* or is otherwise involved in placing a product in the line of commerce." N.J. Stat. Ann. § 2A:58C-8 (emphases added). Despite this broad definition, courts allow plaintiffs to plead a negligence claim alongside a PLA claim that "arise[s] from the independent conduct of a defendant, which is unrelated to the inherent defect in the product itself." *Hindermyer v. B. Braun Med. Inc.*, 419 F.Supp.3d 809, 823 (D.N.J. 2019). In other words, negligence claims may survive alongside a PLA claim if "the alleged injury is not caused by a defect in the product itself, but by the service attendant to its use." *Universal Underwriters Ins. Grp. v. PSE&G*, 103 F. Supp. 2d 744, 747-48 (D.N.J. 2000). In *Universal Underwriters*, for example, the plaintiff alleged that the defendant's failure to properly respond to a maintenance issue caused a fire. Similarly, in *Thomas v. Ford Motor Company*, the plaintiff sued the vehicle manufacturer and the installer of the airbags in the vehicle. 70 F. Supp. 2d. at 523. The plaintiff asserted a common-law negligent installation

claim alongside a PLA claim, and the Court determined that both claims could proceed against Ford, who installed the airbag. The court explained that "[i]f the [vehicle's] airbags were not defective and the injuries . . . could be attributed to Ford's installation of the [vehicle] airbags," the plaintiff could "seek recovery against Ford on a negligence claim brought separately from the [PLA]." *Id.* at 529[3]; *see also Fidelity & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 448 (D.N.J. 2013) (explaining that there is a "distinction between a cause of action sounding in negligence based on the improper installation of an otherwise properly functioning product on the one hand, and a products liability claim against an installer based on the otherwise proper installation of a defective product").

Here, Plaintiff pleads a negligence claim against MCI in the Second Count based on MCI's maintenance and repair of its bus parts. *See* Compl., Second Count ¶ 5 (alleging that MCI "negligently directed, advised, troubleshooted, provided technical & mechanical support & assistance" to Peter Pan). But in arguing that his claims are not subsumed by the PLA, Plaintiff explains that MCI "offer[ed] technical services to co-defendant Peter Pan's mechanics in connection with troubleshooting ongoing problems with the installation, repair, and/or servicing *of the defective MCI part*." Plf. Opp. at 5 (emphasis added); *see also* Compl., First Count ¶¶ 8, 11, 14 (alleging that MCI manufactured and distributed unsafe bus parts that caused Plaintiff's injuries). Although Plaintiff alleges that MCI was negligent in its repairs, Plaintiff pleads that the bus parts at issue were defective from the outset. Thus, even if MCI is not the manufacturer, which is not clear from the pleading, MCI is an alleged product seller under the PLA. In other words,

---

[3] In *Thomas*, the court addressed the 1995 amendment to the PLA and explained that "[w]hile the 1995 amendment brings installers within the ambit of the Product Liability Act in instances where installers trade in defective products, the amendment to the Act was not adopted to bring installers within the coverage of the Act for improperly installing properly-functioning products." *Thomas*, 70 F. Supp. 2d at 530.

6

Plaintiff fails to plead facts, in the alternative or otherwise, alleging that MCI negligently installed, maintained, or fixed a part that was properly functioning. Consequently, as pled, Plaintiff's negligence claim is subsumed by the PLA.

In the Third Count, Plaintiff alleges that MCI expressly or implicitly warranted that its bus parts were "reasonably fit, suitable and safe product[s]." Compl., Third Count ¶ 3. Breach of express warranty claims are not subsumed by the PLA, N.J. Stat. Ann. § 2A:58C-1b(3), and MCI does not seek to dismiss these claims because they are subsumed. MCI, however, maintains that Plaintiff's "implicit" warranty claims are subsumed by the PLA. MCI Br. at 3. Although Plaintiff appears to allege an implied warranty claim in the Third Count, *see* Compl., Third Count ¶¶ 2-3, Plaintiff concedes that such a stand-alone claim is not cognizable in light of the PLA. Plf. Opp. at 5. Implied warranty claims relating to harm from a product are clearly subsumed by the PLA. *See Cornett v. Johnson & Johnson*, 998 A.2d 543, 566 (N.J. Super. Ct. App. Div. 2010) ("This preclusion of breach of implied warranty as a viable separate claim is definitive."). Therefore, to the extent that Plaintiff pleads an implied warranty claim in the Third Count, it is dismissed. Count Three, however, is not dismissed to the extent it asserts an express warranty claim.

   2. **Plausibility of Pleadings**

      a. **PLA Claim (First Count)**

MCI also argues that this Court should dismiss the claims asserted against it because they are not plausibly pled. MCI Br. at 4-6. Because Count Two as pled is subsumed by the PLA, the Court only addresses the plausibility of Counts One and Three.

As discussed, in the First Count, Plaintiff asserts a product liability claim against MCI. Compl., First Count ¶¶ 6-14. There are three cognizable claims under the PLA: (1) a design defect, (2) a manufacturing defect, and (3) a warnings defect. *Cornett*, 998 A.2d at 562. "The standard

of liability is that the product 'was not reasonably fit, suitable or safe for its intended purpose.'" *Id.* (quoting N.J. Stat. Ann. § 2A:58C-2). While not entirely clear, Plaintiff appears to plead a design defect claim.

To state a claim for design defect, "a plaintiff must plead either that the product's risk outweighs the harm, or that an alternative design exists." *Mendez v. Shah*, 28 F. Supp. 3d 282, 297-98 (D.N.J. 2020) (citing *Schrader v. Demilec (USA) LLC,* No. 12-cv-6074, 2013 WL5770670, at *2 (D.N.J. Oct. 22, 2013)). In this instance, Plaintiff pleads that "the risks and/or dangers of the parts and/or products outweigh the products usefulness to such a degree that a reasonably careful manufacturer or seller would not have allowed the product to be used or distributed at all in its then-present form." Compl., First Count ¶ 9. Plaintiff further pleads that "safe and reasonably feasible alternatives to defendant's product exist such that a reasonably careful manufacturer or seller would not have allowed the product to be used or distributed at all in its then-present form." *Id.* at ¶ 10. But Plaintiff provides no details to substantiate his conclusory allegations. Accordingly, Plaintiff fails to adequately plead a claim under the PLA based on a design defect. The First Count is dismissed.

### b. Breach of Express Warranty (Third Count)

In the Third Count of the Complaint, Plaintiff asserts a claim for breach of express warranties. Compl., Third Count ¶¶ 2-4. Under New Jersey law, an express warranty claim has three elements: "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011). A successful express warranty claim must identify specific language or the source of warranty. *Fabricant v.*

*Intamin Amusement Rides Int. Corp. Est.*, No. 19-12900, 2020 WL 373348, at *6 (D.N.J. Jan. 23, 2020) (citing *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 707 (D.N.J. 2011)).

Plaintiff pleads that MCI gave an express warranty, Compl., Third Count ¶ 2, but was careless or negligent in doing so, *id.* ¶ 4. But Plaintiff fails to plead facts identifying the substance or scope of the alleged warranty. Instead, Plaintiff merely argues that it "may be reasonably inferred" that MCI made "warranties verbally or in writing . . . about the installed parts." Plf. Opp. at 8. Without specific allegations about warranty, Plaintiff's express warranty claim fails.[4]

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 11th day of August, 2022,

**ORDERED** that Defendant Motor Coach Industries, Inc.'s partial motion to dismiss (D.E. 11) is **GRANTED**; and it is further

**ORDERED** that the First, Second and Third Counts of the Complaint are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6); and it is further

**ORDERED** that dismissal is without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice.

John Michael Vazquez, U.S.D.J.

---

[4] Because Plaintiff fails to state a claim in the Third Count, the Court does not reach MCI's argument that the Court should strike the claim as redundant.