**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS ELEZOVIC,<br><br>*Plaintiff,*<br><br>v.<br><br>MOTOR COACH INDUSTRIES, INC., PETER PAN BUS LINES, INC., WABCO HOLDINGS INC., JOHN DOES Nos. 1-10 (*fictitious names*) *and* ABC COMPANIES Nos. 1-10 (*fictitious names*)<br><br>*Defendants.* | Civil Action No. 22-110<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter stems from injuries that Plaintiff Nicholas Elezovic sustained while driving a bus for his employer, Defendant Peter Pan Bus Lines, Inc. ("Peter Pan"). Currently pending before the Court is Defendant Motor Coach Industries, Inc.'s ("MCI") motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 37. Plaintiff filed a brief in opposition, D.E. 40, to which Defendant replied, D.E. 41. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED in part** and **DENIED in part**.

---

[1] The Court refers to Defendant's brief in support of its motion (D.E. 37-1) as "MCI Br."; Plaintiff's opposition brief (D.E. 40) as "Plf. Opp."; and Defendant's reply (D.E. 41) as "MCI Reply." Peter Pan also filed a letter in response to MCI's motion and "takes no position with respect to the motion." D.E. 38.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiff was a bus driver for Peter Pan. Am. Compl., First Count ¶ 1. On December 15, 2019, Plaintiff was driving a bus when its front end "suddenly and violently dropped forward," causing Plaintiff serious, permanent hip and back injuries. Am. Compl., Third Count ¶ 4. Plaintiff alleges that MCI manufacturers, sells, and installs bus parts that were installed in the front end of the bus Plaintiff was operating, including "front end bellows, the kneeler, front axle, front end suspension, a pressure sensor . . . , and/or an Electronically Controlled Air Suspension [] system." *Id.*, First Count ¶ 6. Plaintiff pleads that MCI's parts, including the pressure sensor, were defective and caused Plaintiff's accident. *Id.* ¶¶ 8, 11. Specifically, Plaintiff alleges that prior to the accident, mechanics replaced the pressure sensor because of complaints of bouncing and that Peter Pan had received numerous complaints "that the front end would drop suddenly." *Id.* ¶¶ 11-12. Plaintiff further alleges that after his accident, a Peter Pan mechanic indicated that the "kneeler was defective" and that the defective part was manufactured by MCI. *Id.* ¶¶ 9, 11.

Plaintiff initially filed suit in the Superior Court of New Jersey, asserting claims against MCI, Peter Pan, and WABCO Holdings Inc., another manufacturer of bus parts and diagnostic tools. Compl., Seventh Count ¶ 3, D.E. 1-1. Plaintiff asserted three counts against MCI: (1) a strict liability claim (Count One); (2) a negligence claim (Count Two); and (3) an express and/or implied warranty claim (Count Three). *Id.* at 2-9. Defendants subsequently removed the matter to this Court, D.E. 1, and MCI filed a motion to dismiss and/or strike the claims asserted against it. D.E. 11. This Court granted the motion and dismissed the First, Second and Third Counts of

---

[2] The factual background is taken from Plaintiff's Amended Complaint. D.E. 34. When reviewing a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

the Complaint as to MCI without prejudice, giving Plaintiff thirty (30) days to amend. D.E. 30 (the "MTD Opinion"). !!!

Plaintiff filed an Amended Complaint on September 12, 2022. D.E. 34. In the Amended Complaint, Plaintiff brings a single claim against MCI that appears to assert a negligence and product liability claim against MCI. Am. Compl., First Count. It seems that Plaintiff has dropped his warranty claims against MCI. In the Second through Fifth Counts, Plaintiff asserts multiple claims against Peter Pan and John Doe Defendants. *Id.*, Second through Fifth Counts. MCI subsequently filed the instant motion to dismiss.

II.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is

3

"not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. ANALYSIS

#### 1. Negligence Claims

Defendant first argues that Plaintiff's negligence claim is still subsumed by the New Jersey Product Liability Act ("PLA"), N.J. Stat. Ann. § 2A:58C-1 *et seq*. MCI Br. at 5. Plaintiff counters that he sufficiently pleads that MCI provided negligent services to co-defendant Peter Pan by failing to correct the defective pressure sensor. Plf. Opp. at 9.

This Court previously dismissed the negligence claim asserted against MCI because it was subsumed by the PLA. This Court explained that

> through the enactment of the PLA, common law claims of negligence, strict liability, or breach of an implied warranty that pertain to injury from a product are no longer viable as separate claims. These claims are subsumed by the PLA. *Ford Motor Credit Co. v. Mendola*, 48 A.3d 366, 374 (N.J. Super. Ct. App. Div. 2012); *see also Bailey v. Wyeth, Inc.*, 37 A.3d 549, 580 (N.J. Super. Ct. Law Div. 2008), *aff'd* 28 A.3d 1245 (N.J. Super. Ct. App. Div. 2011) ("PLA provides the exclusive remedy for harm caused by a product."). Accordingly, "[n]egligence claims against manufacturers of defective products are no longer recognized by New Jersey courts as independent claims in product liability actions." *Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 528 (D.N.J. 1999). A plaintiff may, however, bring a separate claim if the underlying theory is not that of a PLA claim. *Volin v. Gen. Elec. Co.*, 189 F. Supp. 3d 411, 418 (D.N.J. 2016); *see also James v. Bessemer Processing Co.*, 714 A.2d 898, 907 (N.J. 1998) (explaining that "[i]n cases to which the 1987 Product Liability Act

4

> does not apply, plaintiffs may resort to common law causes of action.").

MTD Opinion at 4. With respect to Plaintiff's negligence allegations against MCI, this Court further explained that

> [a]lthough Plaintiff alleges that MCI was negligent in its repairs, Plaintiff pleads that the bus parts at issue were defective from the outset. . . . In other words, Plaintiff fails to plead facts, in the alternative or otherwise, alleging that MCI negligently installed, maintained, or fixed a part that was properly functioning.

*Id.* at 6-7.

In the Amended Complaint, Plaintiff still alleges that MCI provided a defective product from the outset. Am. Compl., First Count ¶ 13; *see also* Plf. Opp. at 9 (arguing that it "may be reasonably inferred from the facts alleged in Plaintiff's Complaint that MCI provided defective parts and/or negligent services to Co-defendant Peter Pan by failing to correct the defective pressure sensor . . . before the accident."). Plaintiff does not allege that MCI negligently installed a properly functioning part. Consequently, Plaintiff's negligence claim is again subsumed by the PLA.

### 2. Products Liability Act

Next, MCI contends that Plaintiff fails to plead a claim under the PLA. Namely, MCI argues that Plaintiff's PLA claim is conclusory. MCI Br. at 8-12. "The standard of liability for each claim [under the PLA] is that the product 'was not reasonably fit, suitable or safe for its intended purpose.'" *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 823 (D.N.J. 2019) (quoting *Cornett v. Johnson & Johnson*, 998 A.2d 543, 561 (N.J. Sup. Ct. App. Div. 2010), *aff'd as modified*, 48 A.3d 1041 (N.J. 2012)). But pleading that a product was defective "requires only proof, in a general sense and as understood by a layman, that something was wrong with the product." *Scanlon v. Gen. Motors Corp.*, 326 A.2d 673, 677 (N.J. 1974) (internal

quotation omitted). As discussed in the MTD Opinion, there are three cognizable claims under the PLA: (1) a design defect, (2) a manufacturing defect, and (3) a warnings defect. *Cornett*, 998 A.2d at 562.

"A plaintiff may pursue a design defect claim by contending that [the product's] risk outweighs its harm, or that an alternate design exists." *Mendez v. Shah*, 28 F. Supp. 3d 282, 297-98 (D.N.J. 2014) (citing *Schraeder v. Demilec (USA) LLC*, No. 12-6074, 2013 WL 5770670, at *2 (D.N.J. Oct. 22, 2013) ("A plaintiff must prove either that the product's risks outweighed its utility or that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm."). To establish "a *prima facie* case of design defect, the plaintiff must prove the availability of a technologically feasible and practical alternative design that would have reduced or prevented the plaintiff's harm without substantially impairing the reasonably anticipated or intended function of the product." *Hindermyer*, 419 F. Supp. 3d at 823-24. In the MTD Opinion, this Court dismissed Plaintiff's design defect claim as conclusory. MTD Opinion at 7-8. Plaintiff's allegations in the Amended Complaint are largely the same. The only difference is that Plaintiff now includes the allegation that Peter Pan represented that the MCI part was defective immediately after the accident. Am. Compl., First Count ¶ 13. This new allegation, however, fails to substantiate Plaintiff's conclusory allegations that there was an alternative design or that the product's risks outweighed its harm. Therefore, Plaintiff does not adequately plead a design defect claim under the PLA.

"To allege a manufacturing defect, the 'product may be measured against the same product as manufactured according to the manufacturer's standards.'" *Hindermyer*, 419 F. Supp. 3d at 826 (quoting *Mendez*, 28 F. Supp. 3d at 298). Should "the particular product used by the plaintiff fail to conform to those standards or other units of the same kind, it is a manufacturing defect."

6

*Id*. By itself, "[t]he occurrence of an accident and the fact that someone was injured are not sufficient to demonstrate a defect." *Lauder v. Teaneck Volunteer Ambulance Corps*, 845 A.2d 1271, 1277 (N.J. Super. Ct. App. Div. 2004). To plead a *prima facie* manufacturing defect claim, a plaintiff must sufficiently allege "that the product was defective, that the defect existed when the product left the manufacturer's control, and that the defect proximately caused injuries to the plaintiff." *Myrlak v. Port Auth. of N.Y. & N.J.*, 723 A.2d 45, 52 (N.J. 1999). A plaintiff, however, may establish that a defect exists through direct or circumstantial evidence. *Lauder*, 845 A.2d at 1277.

Drawing all reasonable inferences in Plaintiff's favor, Plaintiff sufficiently pleads a manufacturing defect claim. Plaintiff alleges that he was driving a bus with MCI parts. Am. Compl., First Count ¶ 6. Plaintiff further alleges that Peter Pan had received complaints that the front end of the bus was dropping for several months and had attempted to service the bus. *Id.* ¶¶ 11-12. Finally, after the accident, Plaintiff alleges that a mechanic noted that the "kneeler was defective," *id.*, First Count ¶ 9, and approximately fifteen days later, Peter Pan mechanics looked at the bus again due to a note that the suspension "keeps dipping." *Id.* ¶ 10. Through these allegations of repeated complaints, that Court can reasonably infer that an MCI part was defective and not working properly. Finally, Plaintiff alleges that he was injured when the front end of the bus dropped because of the defective part. *Id.*, Third Count ¶ 4. Consequently, Plaintiff pleads a manufacturing defect claim under the PLA.[3]

IV.   **CONCLUSION**

For the foregoing reasons, and for good cause shown,

---

[3] Because Plaintiff pleads a manufacturing defect claim, the Court need not address MCI's remaining arguments to dismiss Count One.

IT IS on this 6th day of March, 2023

**ORDERED** that Defendant Motor Coach Industries, Inc.'s motion to dismiss Plaintiff's Amended Complaint, D.E. 37, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant Motor Coach Industries, Inc.'s motion is **GRANTED without prejudice** with respect to Plaintiff's negligence claim against Motor Coach Industries, Inc. Accordingly, this aspect of the First Count is **DISMISSED**.  Plaintiff is provided one additional attempt to cure the deficiencies noted herein, and must file an amended complaint addressing those deficiencies within thirty (30) days.  If Plaintiff does not file in a timely manner, this aspect of the First Count will be dismissed with prejudice; and it is further

**ORDERED** that the motion is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.